### MAYO v. DAVIDGE et al.

*(Supreme Court, General Term, Second Department. June 25, 1888.)*

MORTGAGES—SATISFACTION—EVIDENCE.

A mortgage was given by a husband and wife on the wife's property to secure any indebtedness that might arise against the husband to plaintiff on account of joint-stock speculations. On a settlement of the accounts open at the time the mortgage was given, a balance of $500 was left due on the mortgage, but, on an account opened with other parties after the delivery of the mortgage, there was a balance of $600 admitted to be due from plaintiff to the husband on account of advances made. *Held,* that the husband's testimony that such advances were agreed to be applied in satisfaction of the mortgage, being credible, and corroborated by the circumstances, was sufficient to establish a satisfaction thereof, notwithstanding the defendants had attempted to plead such indebtedness as a set-off.

Appeal from special term, Kings county; CHARLES F. BROWN, Justice.

This is an appeal from a judgment of foreclosure and sale of mortgaged premises belonging to the defendant Salie M. Davidge under a mortgage executed by her together with her husband, Robert C. Davidge, to secure any indebtedness that might arise against the latter to the plaintiff, Wallace Mayo.

*F. C. Cantine,* for appellants. *H. S. Snow,* for respondent.

PRATT, J. The mortgage and bond in suit were given, at the request of R. C. Davidge, as security for any indebtedness that might arise against him to the plaintiff by reason of their joint account in stock speculations. When the mortgage was given, R. C. Davidge was indebted to the plaintiff in some amount—how much does not clearly appear—upon joint accounts with Owen & Mercer, George Brennecke, and Robert Stobo, and these were the accounts in which indemnity was secured by the mortgage. Both parties contributed to the margins; losses were made in them; and R. C. Davidge paid $1,500 in cash on account of such losses, leaving a balance of $500 due on the mortgage. It is conceded that another similar joint account was opened, after the delivery of the mortgage, with De Groot & Co., upon which R. C. Davidge made more advances than the plaintiff, and upon the closing up of the same there was a balance due from the plaintiff to R. C. Davidge of more than the amount due on the mortgage. The plaintiff admits the amount to be about $600. The plaintiff now seeks to collect, on one of these joint accounts, $500 of the defendant, and let R. C. Davidge collect the balance due him on the other joint account in the best way he can do so. R. C. Davidge says that the $600 indebtedness was applied in payment of the mortgage. This was an equitable adjustment, and it seems to me that R. C. Davidge is so far corroborated that he ought to have been believed. It is not conclusive against the defendants that the indebtedness on the De Groot account was attempted to be pleaded as a set-off or counter-claim. The testimony of R. C. Davidge seems credible, and the transaction is just what two honest men would be likely to do under such circumstances. It would impute dishonest motives to the plaintiff to hold that when they had a settlement, and found a large amount due from the plaintiff on the De Groot account, the plaintiff intended to collect the mortgage, and refuse to pay his own honest debt. The mortgage was given as indemnity in joint-stock transactions, to be thereafter continued, and the parties undoubtedly intended it should cover all their subsequent joint transac-

tions.   On all the evidence, the weight of evidence seems to be that the mortgage was satisfied, and judgment ought to have been rendered for the defendant.   Judgment reversed, with costs.